1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

R.K.T.,

           Plaintiff,

    v.

KILOLO KIJAKAZI,

           Defendant.

Case No.  20-cv-03101-JCS

**ORDER REGARDING MOTION FOR SUMMARY JUDGMENT AND MOTION TO REMAND**

Re: Dkt. Nos. 26, 30

## I.    INTRODUCTION

Plaintiff R.K.T.[1] brought this action challenging the decision by Defendant the Commissioner of Social Security (the "Commissioner")[2] finding that she was disabled and entitled to Social Security benefits beginning on November 11, 2015, rather than her alleged onset date of November 14, 2013.[3]  R.K.T. moves for summary judgment and an award of benefits under the Ninth Circuit's credit-as-true rule, while the Commissioner, conceding at least some errors in the administrative decision, moves to remand for further proceedings.  For the reasons discussed below, the Commissioner's motion to remand is GRANTED, and R.K.T.'s motion is DENIED to the extent she seeks a finding that she is disabled and instructions to award benefits.[4]

---

[1] Because this order contains potentially sensitive medical information and orders of the Court are more widely available for access than other filings, this order identifies R.K.T. only by her initials. This order does not alter the degree of public access to other filings in this action provided by Rule 5.2(c) of the Federal Rules of Civil Procedure and Civil Local Rule 5-1(c)(5)(B)(i).

[2] Kilolo Kijakazi became Acting Commissioner while this case was pending and is therefore automatically substituted as the defendant under Federal Rule of Civil Procedure 25(d).

[3] Several documents in the record, including R.K.T.'s reply brief, incorrectly reference an alleged onset date of January 1, 2014, which was the date at issue in her first administrative hearing.  *See, e.g.*, Pl.'s Reply (dkt. 31) at 1–2.  During her second administrative hearing, however, R.K.T. amended her alleged onset date to November 14, 2013, Admin. Record (dkt. 19) at 1796–98, which is the date used in the administrative decision at issue, *see generally id.* at 1715–30, and the date from which R.K.T. seeks benefits in her motion, Pl.'s Mot. (dkt. 26) at 3.

[4] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

United States District Court
Northern District of California

## II.      BACKGROUND

### A.      Application and First Round of Administrative Proceedings

R.K.T. applied for disability benefits in 2014, alleging an onset date of September 29, 2010.  *See* Admin. Record ("AR," dkt. 19) at 21.  Her application was denied, and she requested a hearing before an administrative law judge ("ALJ").  *See id.*  At the administrative hearing, R.K.T. amended her onset date to January 1, 2014.  *See id.*

The ALJ at that first hearing, Robert Freedman, determined that R.K.T. met the required insured status and had not engaged in substantial gainful activity since her alleged onset date—although she worked as a part time caregiver at the time of the hearing, she worked no more than two hours per day and her income fell below the threshold for substantial gainful activity.  *Id.* at 23.  ALJ Freedman found in an April 29, 2016 decision that R.K.T.'s degenerative disc disease, fibromyalgia, and arthritis were severe impairments, but that several other impairments (including but not limited to depression) were non-severe.  *Id.* at 23–28.  ALJ Freedman determined that none of R.K.T.'s impairments, singly or in combination, met the criteria of any listed impairment.  *Id.* at 28.  He assessed R.K.T.'s residual functional capacity as able to perform the full range of light work, rejecting aspects of R.K.T.'s own testimony and giving little weight to the opinions of her treating physicians Dr. Galina Balon and Dr. Patti Allen.  *Id.* at 28–34.  Based on testimony by a vocational expert, ALJ Freedman determined that R.K.T. could perform her past work as a "medical coder biller," as well as other jobs available in significant numbers, and thus was not disabled.  *Id.* at 34–36.

The Appeals Council affirmed ALJ Freedman's denial of R.K.T.'s application, making it the Commissioner's final decision.  *Id.* at 1–3.

### B.      Previous Judicial Review

R.K.T. sought review of the ALJ Freedman's decision in this Court in 2017.  The Honorable Beth Labson Freeman granted in part R.K.T.'s motion for summary judgment and granted in part the Commissioner's motion for summary judgment, holding that ALJ Freedman properly relied on substantial evidence to determine that R.K.T.'s depression was not a severe impairment, but erred in evaluating her fibromyalgia.  *See* AR at 1838–64.  On the issue of

fibromyalgia, Judge Freeman held that the ALJ properly gave little weight to Drs. Balon and Allen, and granted the Commissioner's motion for summary judgment as to those portions of the administrative decision. *Id.* at 1852–59. Turning to R.K.T.'s testimony, Judge Freeman held that the ALJ properly rejected statements regarding her ability to concentrate and other limitations, *id.* at 1861–62, but "did not provide clear and convincing reasons for discounting [R.K.T.'s] purported inability to sit for longer than 35 minutes before needing to stand and stretch, *id.* at 1862. Judge Freeman held that there was insufficient evidence to determine whether R.K.T. would necessarily be found disabled if her testimony regarding her inability to sit for extended periods were credited as true, and therefore remanded for further administrative proceedings consistent with her order. *Id.* at 1862–64.

### C.   Administrative Proceedings on Remand

Based on Judge Freeman's decision, the Social Security Administration's Appeals Council vacated the first ALJ's decision and remanded for a new decision by another ALJ. *See* AR at 1789–90. The second ALJ, Ruxana Meyer, stated that she was therefore not bound by the first decision. *Id.* at 1790. She held a hearing on January 23, 2020, taking testimony from R.K.T., a medical expert,[5] and a vocational expert. *Id.* at 1785–1826. R.K.T.'s attorney amended her alleged onset date at the hearing from January 1, 2014 to November 14, 2013. *Id.* at 1796–98.

ALJ Meyer determined that R.K.T. met the required insured status through December 31, 2019, and that her ongoing part time work as a caregiver for her elderly parents did not meet the threshold for substantial gainful activity. *Id.* at 1717. ALJ Meyer assessed a broader range of severe impairments than ALJ Freedman had found: "degenerative disc disease of the cervical and lumbar spine; degenerative joint disease of the left hip; fibromyalgia; gastritis; sinusitis with June 2016 bilateral ethmoidectomy, endoscopic maxillary antrostomy, sinusotomy, and turbinate resection with August 2017 revision; obstructive sleep apnea; depressive disorder, not otherwise

---

[5] The impartial medical expert, Dr. Elissa Benedek, testified that R.K.T. met the criteria for Listing 12.04 based on depressive disorder. AR at 1791. ALJ Meyer rejected that opinion as unsupported by the treatment records that Dr. Benedek cited. *Id.* at 1720–21. R.K.T. does not challenge that portion of the ALJ's decision in her present motion. *See generally* Pl.'s Mot.; Pl.'s Reply.

United States District Court
Northern District of California

specified; and anxiety disorder, not otherwise specified." *Id.* at 1718.  She found that certain other impairments not at issue here were not severe.  *Id.* at 1718–19.

Like ALJ Freedman, ALJ Meyer determined that none of R.K.T.'s impairments, singly or in combination, met or were equivalent to any listed impairment.  *Id.* at 1719–22.  As is relevant to the parties' arguments, ALJ Meyer determined that R.K.T.'s residual functional capacity included restrictions to "stand and/or walk for a total of 6 hours in an 8-hour workday; sit for 6 out of 8 hours; with the option to change positions after a continuous hour or either sitting or standing while remaining on task," and to "perform routine 1 to 2-step assignments," among a wide range of other limitations.  *Id.* at 1722.

In reaching that conclusion and rejecting more severe restrictions reported by R.K.T., ALJ Meyer found that R.K.T.'s "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported prior to the established onset date." *Id.* at 1723.  ALJ Meyer failed to identify the specific portions of R.K.T.'s testimony that she found not credible.  *See id.* at 1723–28.  She also gave little weight to Dr. Balon's 2014 opinion that R.K.T. was "unable to perform regular work" (*id.* at 436) and Dr. Allen's February 1, 2016 report assessing a number of limitations caused by fibromyalgia (*id.* at 1706–10).  *Id.* at 1727.  ALJ Meyer determined that Dr. Balon's opinion was conclusory, appeared to be based on R.K.T.'s subjective complaints rather than clinical findings, and contradicted R.K.T.'s daily activities and "the overall medical record when considered as a whole." *Id.*  She determined that Dr. Allen's opinion disclaimed any knowledge of whether R.K.T. had positive tender points (a key diagnostic criterium for fibromyalgia), lacked meaningful objective findings, and contradicted treatment notes.  *Id.*

ALJ Meyer concluded that R.K.T. was unable to perform her past relevant work, but that prior to November 11, 2015, she could perform other available jobs, including three specific jobs addressed by the vocational expert, such that she was not disabled up to that date.  *Id.* at 1728–30.  As of that date, however, R.K.T. reached an age threshold where a change in the Social Security Administration's analytical framework rendered her unable to perform other work available,

1    resulting in a finding that she was disabled and entitled to benefits beginning on November 11,

2    2015. *Id.* at 1730.

3        **D.    The Parties' Motions**

4        R.K.T. moves for summary judgment, seeking an award of benefits for the period from her

5    alleged onset date of November 14, 2013 to November 11, 2015 under the Ninth Circuit's credit-

6    as-true rule, or in the alternative, remand for further proceedings. Pl.'s Mot. (dkt. 26) at 16. She

7    contends that ALJ Meyer erred in giving little weight to the April 2014 opinions of Dr. Balon and

8    the February 2016 opinions of Dr. Allen regarding limitations caused by R.K.T.'s fibromyalgia.

9    *Id.* at 5–9. She also argues that ALJ Meyer erred in failing to address a discrepancy between the

10   Dictionary of Occupational Titles' stated requirement for certain jobs and the vocational expert's

11   testimony that someone with R.K.T.'s limitations could perform those jobs, *id.* at 9–11, and in

12   again rejecting R.K.T.'s testimony without providing sufficient reasons to do so or identifying the

13   specific testimony she found not credible, *id.* at 11–15.

14       In lieu of a cross-motion for summary judgment to affirm the administrative decision, the

15   Commissioner moves to remand the case for further administrative proceedings. *See generally*

16   Def.'s Mot. (dkt. 30.). The Commissioner concedes error with respect to the ALJ's treatment of

17   R.K.T.'s testimony, *id.* at 5–7, and the vocational expert's testimony, *id.* at 8, but argues that the

18   appropriate remedy for both errors is further administrative proceedings rather than a judicial

19   award of benefits. The Commissioner does not concede error with respect to the ALJ's treatment

20   of Drs. Balon and Allen's opinions, and argues that even if the Court found such error, it too

21   would warrant further proceedings. *Id.* at 4–5.

22       R.K.T.'s reply, arguing for an award of benefits rather than remand for further

23   proceedings, focuses on Drs. Balon and Allen's opinions, only briefly noting the errors regarding

24   R.K.T.'s own testimony and the ALJ's evaluation of the jobs she could perform. *See generally*

25   Pl.'s Reply (dkt. 31).

26   **III.    ANALYSIS**

27       **A.    Legal Standard**

28       District courts have jurisdiction to review the final decisions of the Commissioner and may

*United States District Court*
*Northern District of California*

United States District Court
Northern District of California

1    affirm, modify, or reverse the Commissioner's decisions with or without remanding for further

2    hearings.  42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3).

3          When reviewing the Commissioner's decision, the Court takes as conclusive any findings

4    of the Commissioner that are free of legal error and supported by "substantial evidence."

5    Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a

6    conclusion" and that is based on the entire record.  *Richardson v. Perales*, 402 U.S. 389, 401

7    (1971).  "'Substantial evidence' means more than a mere scintilla," *id.*, but "less than a

8    preponderance."  *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir.

9    1988) (citation omitted).  Even if the Commissioner's findings are supported by substantial

10   evidence, the decision should be set aside if proper legal standards were not applied when

11   weighing the evidence.  *Benitez v. Califano*, 573 F.2d 653, 655 (9th Cir. 1978) (quoting *Flake v.*

12   *Gardner*, 399 F.2d 532, 540 (9th Cir. 1978)).  In reviewing the record, the Court must consider

13   both the evidence that supports and the evidence that detracts from the Commissioner's

14   conclusion.  *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citing *Jones v. Heckler*, 760

15   F.2d 993, 995 (9th Cir. 1985)).

16         If a district court determines that an ALJ has erred, the court must decide whether to

17   remand for further proceedings or to remand for immediate award of benefits.  *Harman v. Apfel*,

18   211 F.3d 1172, 1177–78 (9th Cir. 2000).  If an ALJ has improperly failed to credit medical

19   opinion evidence, a district court must credit that testimony as true and remand for an award of

20   benefits if three conditions are satisfied:

21           (1) the record has been fully developed and further administrative
22           proceedings would serve no useful purpose; (2) the ALJ has failed to
             provide legally sufficient reasons for rejecting evidence, whether
23           claimant testimony or medical opinion; and (3) the improperly
             discredited evidence were credited as true, the ALJ would be required
24           to find the claimant disabled on remand.

25   *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).  Under such circumstances, a court should

26   not remand for further administrative proceedings to reassess credibility.  *See id.* at 1019–21.  This

27   "credit as true" rule is "settled" in the Ninth Circuit and is intended to encourage careful analysis

28   by ALJs, avoid duplicative hearings and burden, and reduce delay and uncertainty facing

1    claimants, many of whom "suffer from painful and debilitating conditions, as well as severe

2    economic hardship." *Id.* at 999, 1019 (quoting *Varney v. Sec'y of Health and Human Servs.*, 859

3    F.2d 1396, 1398–99 (9th Cir. 1988)).  A court should remand for further proceedings "when the

4    record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the

5    meaning of the Social Security Act." *Id.* at 1021; *Treichler v. Comm'r of Soc. Sec. Admin.*, 775

6    F.3d 1090, 1107 (9th Cir. 2014).

7         **B.    Drs. Balon and Allen**

8         R.K.T. contends that she is entitled to an award of benefits because ALJ Meyer failed to

9    provide clear and convincing reasons to discount the opinions of R.K.T.'s treating physicians Drs.

10   Balon and Allen.  The Commissioner does not concede error as to the ALJ's treatment of that

11   evidence, and argues that even if the ALJ erred, the appropriate remedy would be further

12   proceedings.  While not specifically addressed by the parties here, Judge Freeman already

13   considered and rejected R.K.T.'s challenge to the previous ALJ's decision affording these same

14   opinions little weight.  AR at 1852–58.

15        Courts have generally not permitted parties to relitigate issues previously decided by

16   district courts in Social Security cases before remand for further administrative proceedings.  *See,*

17   *e.g.*, *Hammond v. Berryhill*, 688 F. App'x 486 (9th Cir. 2017); *Ball v. Astrue*, No. CV-09-764-HU,

18   2010 WL 3420166, at *4–6 (D. Or. Aug. 27, 2010) (collecting cases).  District courts have

19   differed as to the appropriate framework for reaching that conclusion, with some applying the law

20   of the case doctrine on the theory that subsequent appeals of the same administrative proceedings

21   remain part of the same case, while others applied the doctrine of issues preclusion (also known as

22   collateral estoppel) based on their view that the entry of judgment in one civil case and filing of a

23   new civil action for a subsequent appeal establishes multiple "cases."  *See Ball*, 2010 WL

24   3420166, at *4–6 (addressing the split of authority and finding the same result warranted under

25   both doctrines in the alternative).  The Ninth Circuit has held in an unpublished decision that law

26   of the case is the more appropriate framework in this context because an earlier remand order by a

27   district court does "not amount to a final adjudication of the rights of the parties in this case," and

28   the subsequent judicial appeal "amounts to a continuation of the 'same litigation.'"  *Hammond*,

United States District Court
Northern District of California

1   688 F. App'x at 488 (holding that a district court erred in applying issue preclusion, but affirming

2   the outcome based on law of the case).  That decision relied on *United States v. Park Place*

3   *Associates, Ltd.*, 563 F.3d 907, 925 n.11 (9th Cir. 2009), where the Ninth Circuit held in a

4   published opinion that law of the case rather than issue preclusion was the appropriate doctrine for

5   considering what effect a Federal Circuit decision remanding a case to the Court of Federal Claims

6   had when the same dispute was pursued later through arbitration in California.

7       While the Ninth Circuit did not see fit to resolve in a precedential opinion the disputed

8   issue of which doctrine applies in this particular context, the Court here follows *Hammond* as

9   persuasive and as the best available authority, and considers the effect of Judge Freeman's

10  previous decision through the lens of law of the case.[6]  *See Cross v. Comm'r of Soc. Sec. Admin.*,

11  No. CV-19-01801-PHX-SMB, 2021 WL 1711832, at *4 (D. Ariz. Apr. 30, 2021) (applying law of

12  the case and citing *Hammond*).

> The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012). The doctrine is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust. *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991). A district court's discretionary decision to apply the law of the case doctrine is reviewed for abuse of discretion. *Hall*, 697 F.3d at 1067.

19  *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).  The doctrine "appl[ies] in the social security

20  context." *Id.*[7]

21      In *Cross*, the District of Arizona held that "the law of the case doctrine preclude[d] the

22  Court from reconsidering whether the ALJ correctly rejected Plaintiff's symptom testimony,"

_____

[6] Alternatively, if issue preclusion applied, the Court would reach the same result under that doctrine.

[7] *Stacy* applied the law of the case doctrine in considering whether an ALJ erred in reconsidering an issue previously decided by ALJs in the same case before review and remand on other grounds by a district court, and held that while "this is typically the type of determination that should not be reconsidered under the law of the case doctrine," the ALJ did not err because new evidence in the post-remand hearing supported a different conclusion.  825 F.3d at 567.  The Ninth Circuit did not consider in that case which doctrine applies to the particular question at issue here: the effect in a subsequent civil action of an earlier district court decision arising from the same administrative proceeding.

United States District Court
Northern District of California

United States District Court
Northern District of California

where the plaintiff had offered "symptom testimony at both hearings"—before and after remand—"related to the same period of time," and failed to "identify any significant differences between his testimony at either hearing that would render [the previous district judge's] analysis inapplicable" to affirm the ALJ's decision to reject both the testimony at the first hearing that the previous district judge had actually considered and the similar testimony after that judge remanded the case for further proceedings. *Cross*, 2021 WL 1711832, at *4.

Here, the overlap is more complete: R.K.T. challenges ALJ Meyer's rejection of the exact same reports that Judge Freeman held ALJ Freedman had provided sufficient reasons to reject. The reports were issued before ALJ Freedman's first decision was rendered, they were specifically addressed by that decision, and they are relevant now only to show disability for a discrete disputed period of time occurring entirely before ALJ Freedman issued his decision. While ALJ Meyer's rationale for giving little weight to these opinions is not entirely identical to ALJ Freedman's, it is substantially similar. Both ALJs cited Dr. Balon's limited objective findings and apparent reliance on R.K.T.'s subjective statements. AR at 33, 1727. Both cited Dr. Allen's limited treatment history with R.K.T., her professed lack of knowledge of R.K.T.'s positive tender points, and contradictions between her assessments and contemporaneous treatment and examination records. *Id.* A significant portion of ALJ Meyer's reasoning for rejecting Dr. Allen's opinions is copied verbatim from ALJ Freedman's decision. *Id.* Judge Freeman held that these reasons were "specific, legitimate," and "supported by substantial evidence in the record,"[8] and therefore entitled to deference. *Id.* at 1854–55 (addressing Dr. Balon); *id.* at 1857–58 (addressing Dr. Allen). The overall administrative record is also substantially similar, and R.K.T. cites no evidence that was not available to ALJ Freedman in support of her arguments that ALJ Meyer erred in rejecting these opinions. *See* Pl.'s Mot. at 5–9; Pl.'s Reply at 3–8. The Court therefore finds that this issue has already been decided by Judge Freeman and is governed by the law of the case.

---

[8] Judge Freeman's holding that these doctors' opinions were "contradicted" by the opinions of other physician opinions in the record, and therefore subject to the "specific and legitimate" test rather than the "clear and convincing" test that R.K.T. argued for in her previous case and continues to advance here, is also the law of the case. *See* AR at 1852–54.

1      "The 'law of the case' doctrine is subject to the following exceptions: '(1) the decision is

2   clearly erroneous and its enforcement would work a manifest injustice, (2) intervening controlling

3   authority makes reconsideration appropriate, or (3) substantially different evidence was adduced at

4   a subsequent trial.'"  *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002) (citation omitted).

5   None of those exceptions apply here.

6      Although the Commissioner did not raise the issue of law of the case, the doctrine is a

7   matter of discretion for the Court intended to safeguard the efficiency and integrity of the judicial

8   process, and the Court finds that relitigating issues previously decided by Judge Freeman would

9   undermine the interests of efficiency and finality that the doctrine protects.  Because no exception

10  to the law of the case doctrine applies, the Court finds that R.K.T. has not established error in the

11  ALJ's treatment of Drs. Balon and Allen's opinions, and therefore concludes that those opinions

12  offer no basis to remand for an award of benefits rather than further administrative proceedings.[9]

13      **C.    Identification of Jobs R.K.T. Could Perform**

14      R.K.T. contends that ALJ Meyer erred in accepting the vocational expert's opinion that

15  someone with the residual functional capacity that ALJ Meyer assessed could work in positions

16  that the Dictionary of Occupational Titles ("DOT") identifies as "Parking Lot Attendant (DOT #

17  915.473-010), Mailroom Clerk (DOT # 209.687-026), and Cashier II (DOT # 211.462-010)."

18  Pl.'s Mot. at 9.  According to R.K.T., that opinion conflicts with the DOT: all of those positions

19  require reasoning levels of 2 or 3, which the Ninth Circuit has held incompatible with a limitation

20  to one- or two-step tasks, which was one of the limitations ALJ Meyer assessed as part of R.K.T.'s

21  residual functional capacity.  *Id.* at 9–10 (citing *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d

22  996, 1003 (9th Cir. 2015)).  The Commissioner concedes error on this point, acknowledging that

23  the ALJ was required to resolve this apparent conflict between the DOT and the VE's testimony,

24  and asserts that it should be addressed on remand.  Def.'s Mot. at 8.  Aside from a passing

25  reference, R.K.T. does not return to this issue in her reply or argue that it is a basis to award

26

27  ───────────────
    [9] This holding is not intended to limit the Commissioner's discretion to reconsider the significance
28  of these doctors' opinions on remand if she so chooses or if new evidence warrants a different
    outcome.

*(left margin, rotated)* United States District Court / Northern District of California

United States District Court
Northern District of California

1   benefits rather than remand for further proceedings.  *See generally* Pl.'s Reply at 9.  The Court is

2   aware of no authority for applying the credit-as-true rule to DOT job definitions that conflict with

3   a vocational expert's testimony.  *Cf. G.O. v. Saul*, No. 19-cv-01829-JCS, 2020 WL 5653186, at

4   *22 (N.D. Cal. Sept. 23, 2020) (declining to apply the credit-as-true rule to vocational expert

5   testimony where an ALJ failed to provide sufficient reasons to instead credit earlier testimony

6   from a different vocational expert).  Accordingly, the ALJ's error in addressing jobs that R.K.T.

7   could perform cannot form the basis of remand with an instruction to award benefits.

8       **D.   R.K.T.'s Testimony**

9       R.K.T. argues that ALJ Meyer, like ALJ Freedman before her, failed to provide

10  appropriate consideration of R.K.T.'s testimony regarding her symptoms, including but not limited

11  to her stated inability to sit for more than around thirty-five minutes at a time.  Pl.'s Mot. at 11–15.

12  The Commissioner "acknowledges that the ALJ erred in failing to articulate the evaluation of

13  these subjective statements in light of the prior remand," but argues that R.K.T.'s testimony

14  should not be credited as true because it is in tension with other evidence in the record, and that

15  her testimony should instead be addressed on remand.  Def.'s Mot. at 5–7.

16      R.K.T. does not address any particular portion of her own testimony in her reply, instead

17  focusing on the medical opinion evidence discussed above, all but conceding that her own

18  testimony is not a basis to award benefits without further proceedings.  *See generally* Pl.'s Reply.

19  In her motion, she cites her testimony that she naps during the day as establishing that she could

20  not work.  Pl.'s Mot. at 14–15 (citing AR at 1809).  R.K.T. testified at her January 23, 2020

21  administrative hearing on remand that, due to side effects of her medication, she naps once each

22  day for twenty-five to thirty-five minutes.  AR at 1809–10.  In response to a question by R.K.T.'s

23  attorney, the vocational expert testified that someone who "had to take one to two naps a day,

24  unscheduled, up to 35 minutes" would not be able to work.  *Id.* at 1825.  R.K.T.'s testimony that

25  she naps once per day, even if credited as true, would not establish that she takes "one *to two* naps

26  a day," or that her naps must be "unscheduled."  *See id.* (emphasis added).  Moreover, R.K.T.'s

27  testimony regarding her condition in 2020—years after the 2015 onset date for which ALJ Meyer

28  found her disabled—does not necessarily show that she needed daily naps during the disputed

11

period from 2013 to 2015.  Similarly, while R.K.T. asserts that her testimony regarding difficulty standing and walking establishes that she would be limited to sedentary work, Pl.'s Mot. at 14–15 (citing AR at 1802–10), she does not explain the standard for that limitation or how her testimony meets it, nor does the 2020 testimony that she cites address whether she had the same limitations standing and walking in the relevant period years earlier.[10]

Accordingly, the Court finds that the credit-as-true rule is not applicable to R.K.T.'s own testimony because she has not shown that if "the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."  *See Garrison*, 759 F.3d at 1020; *see also* AR at 1862–64 (Judge Freeman's decision declining to apply the credit-as-true rule for the same reason).

## IV.    CONCLUSION

For the reasons discussed above, the Commissioner's motion to remand for further proceedings is GRANTED.  R.K.T.'s motion for summary judgment is GRANTED to the extent she seeks remand for further proceedings and DENIED to the extent she seeks an instruction to award benefits.  The case is hereby REMANDED to the Commissioner for further proceedings consistent with this order and Judge Freeman's previous order.  The Clerk shall enter judgment in favor of R.K.T. and close the case.

**IT IS SO ORDERED.**

Dated: March 31, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge

---

[10] Judge Freeman's decision in R.K.T.'s previous civil case described R.K.T. as "fairly active" and limited the reversal of ALJ Freedman's initial decision to his failure to provide sufficient reasons to reject R.K.T.'s testimony regarding her inability to *sit* for extended periods.  AR at 1862.  Judge Freeman held that ALJ Freedman "properly discredited some of [R.K.T.'s] testimony," without specifically addressing whether he was right to reject testimony regarding her ability to stand and walk.  *Id.* at 1861.

*United States District Court*
*Northern District of California*